UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

CHAMBERS OF
CATHERINE C. BLAKE
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-3220
Fax (410) 962-6836

March 14, 2003

Robert K. Jenner, Esquire
Janet, Willoughby, Gershon, Getz & Jenner, LLC
1829 Reisterstown Road, Suite 320
Baltimore, MD 21208

James T. Murray, Jr., Esquire
Peterson, Johnson & Murray
733 N. Van Buren Street
Milwaukee, WI 53202

Kimberly A. Lapworth, Esquire
Segal, McCambridge, Singer & Mahoney, Ltd.
30 South 17th Street
United Plaza, Suite 1700
Philadelphia, PA 19103

Douglas B. Pfeiffer, Esquire
Church, Loker & Silver, PA
2 North Charles Street, Suite 600
Baltimore, MD 21201

Re:   Margaret Williams v. Safeskin Corporation, et al., Civil No. CCB-96-1400

Dear Counsel:

This will confirm the results of our status conference in court today.

Enclosed with this letter is the Case Management Order Governing Post-Remand Discovery proposed by counsel with the addition of three status report deadlines. An initial status report is due **April 14, 2003** concerning the supplemental discovery addressed in the correspondence attached to defense counsels' letter of February 24, 2003. The status report also should address the number of deposition hours counsel believes will be necessary for fact and for expert witnesses.

Regarding the plaintiff's deposition, I understand that it will take place in her home on March

17, 2003, continuing into March 18th if necessary.[1]  No more than one attorney per defendant will attend, and the topic of product identification will not be repeated.

I have included a memo explaining my "call-in" procedures for discovery issues.  I also will be referring this case for a settlement conference before a United States Magistrate Judge.  I understand that you think such a conference should not be scheduled until after the plaintiff's designation and disclosure of experts, which should occur in approximately 120 days.  The judge to whom the case is assigned will contact you in due course to set a specific date.

Finally, I am sending a copy of this letter and the Case Management Order to Chief Judge Benson E. Legg for his information, as I understand you have a similar case pending before him in which a status conference is scheduled for March 18, 2003.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely yours,

/s/

Catherine C. Blake
United States District Judge

Enclosures

cc:   Chief Judge Benson E. Legg (w/enclosures)
      Magistrate Judge Paul W. Grimm
      Other Counsel

---

[1] For your information, although I normally try to make myself available if any issue arises during a deposition, I will be out of town March 17 and 18, 2003.

**UNITED STATES DISTRICT COURT**

DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**CATHERINE C. BLAKE**<br>**UNITED STATES DISTRICT JUDGE** | **U.S. COURTHOUSE**<br>**101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-3220**<br>**Fax (410) 962-6836** |

MEMORANDUM

Dear Counsel:

Regarding discovery, I will make myself available by telephone from 5:00 p.m. to 6:00 p.m. on most Wednesdays and Thursdays to resolve emergency discovery disputes and other discovery issues that do not require extensive briefing. The following procedures will apply:

1. Before requesting a hearing, counsel must give opposing counsel at least twenty-four hours notice of their intent to do so.

2. Counsel requesting the hearing must let me know by 4:00 p.m. on Tuesday (as to hearings requested for Wednesday) and by 4:00 p.m. on Wednesday (as to hearings requested for Thursday) that a hearing is being requested. My office will give to counsel who call in a precise time for the hearing, e.g., 5:00, 5;15, 5:30, or 5:45. It will be the responsibility of counsel requesting the hearing to let other counsel know of the precise time.

3. Counsel involved in the discovery dispute should send to my chambers e:mail account at MDD_CCBChambers@mdd.uscourts.gov short letters (not to exceed two pages) setting forth their respective positions. These letters should be sent to the chambers e:mail account, with a copy to the other side, by 6:00 p.m. on Tuesday (as to hearings requested for Wednesday) and by 6:00 p.m. on Wednesday (as to hearings requested for Thursday).

4. It is the responsibility of counsel who request the hearing to arrange for a conference call at the prescribed time.

5. I will not have a record made of the hearing. If any of you want a record to be made, it will be your responsibility to have a court reporter present in your office or to arrange for the hearing to be tape recorded. Of course, in either event you must advise me and opposing counsel at the commencement of the hearing that a record is being made.

I will do my best to resolve as many disputes as I can in this informal manner. If, however, I determine that the issues are too complicated for me to do so, after hearing from you I will direct that the procedures for formal briefing be followed.

Incidentally, the "call-in hour" program does not displace my existing practice of making myself available whenever I can to resolve disputes as they arise during the course of a deposition. I will continue to follow that practice as well.

                                                 Catherine C. Blake  
                                                 United States District Judge