IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____

MARGARET WILLIAMS                    :
                                     :
                                     :   CIVIL ACTION NO. CCB-96-1400
                                     :
v.                                   :
                                     :
SAFESKIN CORPORATION, et al.         :
_____

**CASE MANAGEMENT ORDER**
**GOVERNING POST-REMAND DISCOVERY**

On March 10, 1997, the Judicial Panel for Multidistrict Litigation initially transferred thirteen cases to the Honorable Edmund V. Ludwig of the Eastern District of Pennsylvania pursuant to 28 U.S.C.§ 1407.  These cases, as well as all of the subsequently filed cases, claimed liability for Type I allergic reactions allegedly developed by healthcare personnel as a result of exposure to natural rubber latex found in latex gloves used in their profession.

On September 16, 2002, Judge Ludwig filed an Order of Suggestion of Remand, a copy of which is attached hereto as "Exhibit A."  The first 48 cases were remanded by the MDL Panel by Remand Order filed on October 31, 2002, a copy of which is attached hereto as "Exhibit B."  This Court hereby adopts this Case Management Order governing discovery in the above-captioned case.  The objective of this Order is to schedule certain case-specific discovery in accordance with Fed. R. Civ. P.  16 and as contemplated by the Order of Suggestion of Remand, which was agreed to by the parties.

WHEREFORE, it is hereby **ORDERED** that:

1.      **Discovery Start Date:**  All discovery deadlines set forth herein shall be measured by

the Discovery Start Date, March 17, 2003 and the Discovery Cut-off Date, January 26, 2004.

    2.    **No Initial Disclosures:**  Initial disclosures are not appropriate under the circumstances of this action.  The parties waive the requirements of F.R.C.P. Rule 26(a).

    3.    **Product Identification:**  Any remaining product identification discovery shall be completed within 90 days of the Discovery Start Date.  At the conclusion of remaining product identification discovery, defendants may seek a bright-line dismissal pursuant to the Bright-Line Dismissal Order adopted by the MDL Court.

    4.    **Authorizations:**  Within 14 days of the Discovery Start Date, Plaintiff will provide Defendants with executed authorizations, in the format used previously in the MDL, where necessary to permit Defendants to obtain updated medical, employment, educational, social security, health insurance and income tax records.

    5.    **Written Discovery:**  All written discovery and production of documents by the parties was completed in the MDL, with the exception of Requests for Admission.

    6.    **Plaintiff's Deposition:**  In the event Plaintiff's deposition was not completed prior to remand, her deposition shall be completed no less than 30 days from the Discovery Start Date.

    7.    **Merits Discovery:**  Depositions of non-party witnesses, including but not limited to Plaintiff's co-workers and supervisors shall be completed no later than 120 days from the Discovery Start Date.

    8.    **Plaintiff's Expert Designations:**  Plaintiff shall serve all generic and case-specific expert designations and expert reports (in the form and manner established in the MDL, as set forth in CMO No. 53 entered on November 5, 1999) together with all disclosures pursuant to Fed. R. Civ. P. 26(a)(2), no later than 120 days from the Discovery Start Date.

Case 1:96-cv-01400-CCB    Document 88    Filed 03/14/2003    Page 3 of 5

9.  **IME's:**  All IME's are to be completed no later than 165 days after the Discovery Start Date (45 days after receipt of Plaintiff's case-specific expert designations and reports).  Good Cause shall be deemed to exist for any IME requested by Defendants in this action.

10. **Depositions of Plaintiff's Experts:**  Depositions of Plaintiff's case-specific experts are to be completed no later than 180 days after the Discovery Start Date (60 days after Defendants' receipt of Plaintiff's expert designations, reports and Rule 26(a)(2) disclosures).  All generic experts were disclosed and deposed on generic opinions in the MDL.

11. **Defendants' Expert Designations:**  Defendants shall serve all generic and case-specific expert designations and expert reports, including IME reports (in the form and manner established in the MDL, as set forth in CMO No. 53) together with all disclosures pursuant to Fed. R. Civ. P. 26(a)(2), no later than 210 days from the Discovery Start Date (90 days after receipt of Plaintiff's expert designations and reports.)

12. **Depositions of Defendants' Experts:**  Depositions of Defendants' case-specific experts are to be completed no later than 270 days from the Discovery Start Date (60 days after Plaintiff's receipt of Defendants' expert designations, reports and Rule 26(a)(2) disclosures).  All generic experts were disclosed and deposed on generic opinions in the MDL.

13. **Requests for Admissions:**  Any party may serve Requests for Admissions no later than 30 days after the Discovery Cut-off Date.  Responses to Requests for Admission, including objections thereto, shall be served no later than 30 days thereafter in accordance with Fed. R. Civ. P. 36(a).

14. **Dispositive Motions:** All dispositive motions shall be filed no later than 60 days after the Discovery Cut-off Date, January 10, 2004, with opposition papers to be filed and served no later than 30 days after receipt of each motion. Reply papers, if any, shall be filed and served no later than 10 days thereafter.

15. **Venue Motions:** Defendants may file and serve a motion to change venue no later than 60 days from the Discovery Start Date.

16. **Additional Parties:** Motions to add any additional parties shall be filed no later than 30 days after the Discovery Start Date.

17. **Deposition Issues:** When disputes arise during a deposition that cannot be resolved through discussion among counsel, counsel may contact Judge Blake by telephone to seek immediate resolution of the dispute. If Judge Blake is not available, the parties shall proceed with all undisputed portions of the deposition and submit their dispute and proposed resolution in writing, limited to one page per side, to Judge Blake for decision following completion of the deposition.

18. **Non-Dispositive Motions**: Non-dispositive motions shall be filed in accordance with the Local Rules and shall be filed with this Court.

19. **Pre-Trial Conferences:** At the conclusion of merits/expert discovery, the Court shall schedule a pre-trial conference.

20. **Status Reports** are due **April 14, 2003; June 17, 2003;** and **January 12, 2004.**

DATED this   14th   day of   March  , 2003.

/s/

The Honorable Catherine C. Blake
United States District Judge